FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 18 2009

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDMUND G. COWAN, JR., | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-2464-MHS |
| L. GALE BUCKNER and | : | |
| DEPARTMENT OF | : | |
| CORRECTIONS OF THE STATE | : | |
| OF GEORGIA | : | |
| Defendants. | : | |

## ORDER AND OPINION

Plaintiff, by and through counsel has filed this civil rights complaint. The matter is before this Court for a 28 U.S.C. § 1915A frivolity screening.

I.   The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Ashcroft v. Iqball, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

AO 72A
(Rev.8/82)

II. Plaintiff's Allegations

Plaintiff, currently confined at the Telfair State prison, was convicted on May 18, 1987, in the Superior Court of Gwinnett County of aggravated assault upon a peace officer, entering a vehicle, possession of burglary tools, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. (Doc. 1 at 5; www.dcor.state.ga.us.) Plaintiff acknowledges that he shot an officer in the chest while attempting to flee the scene of the crime. (Doc. 1 at 20-21.) Plaintiff was sentenced to 30 years imprisonment to be followed by 20 years on probation. (Id. 1 at 6.)

According to Plaintiff, as of August 25, 1996, the Georgia Board of Pardons and Paroles ("Board") was required to have a prisoner serve at least one-third of his sentence before releasing him on parole. (Id. at 6.) The Board initially set Plaintiff's tentative parole month for January, 1997. (Id. at 7, 9 and 13-14.) On October 21, 1997, Plaintiff was informed that his new tentative parole month was January, 2007. (Id. at 14.) The Board informed Plaintiff that the reason for the new parole date was "that parole release for you as first tentatively scheduled would not be compatible with the welfare of society." (Id. at 15.) Plaintiff maintains that his tentative parole date was "revoked without any evidence of

3

disciplinary history during his prison term or that he posed a risk to public safety." (Id. at 7.)

On December 9, 1997, the Board amended its statutory parole guidelines to require any offender convicted of certain crimes, including aggravated assault, to serve at least 90% of his sentence before being released on parole. (Id. at 6.) These new guidelines were to be applied only to those individuals convicted on or after January 1, 1998. (Id.)

On July 1, 1998, Plaintiff escaped custody and remained "free" for approximately seven years. (Id. at 18.) After his recapture and conviction for escape, Plaintiff received a one year sentence. (www.dcor.state.ga.us.)

On February 22, 2007, the Board informed Plaintiff that his new tentative parole date was September 1, 2015. (Doc. 1 at 15.) Plaintiff acknowledges that this new tentative parole date requires him to serve approximately two-thirds of his sentence. (Id. at 22.) Similarly, Plaintiff's previous January, 2007, tentative parole month, set prior to his escape, would have also required him to serve approximately two-thirds of his sentence. (Id. at 14.) Nonetheless, Plaintiff maintains that the Board is increasing his punishment by retroactively applying the 90% policy in violation of the Ex Post Facto Clause. (Id. at 22.) Plaintiff also

contends that he has a liberty interest in being paroled, and based on his work ethic in and out of prison, the Board has denied him due process by not releasing him on parole. (Id. at 18-19.)

III. Analysis

Plaintiff maintains that the Board has denied him due process and violated the Ex Post Facto Clause by denying him release on parole. With regard to the first claim, the United States Court of Appeals for the Eleventh Circuit has previously held "that the Georgia parole system does not create a liberty interest in parole protected by the Due Process Clause." Sultenfuss v. Snow, 35 F.3d 1494, 1499 (11th Cir. 1994); Jones v. Ray, 279 F.3d 944, 946 (2001) (same); see also Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979) ("no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). The Board has broad and unfettered discretion in reaching parole decisions as to each inmate based upon their individual history and circumstances. Sultenfuss, 35 F.3d at 1500-01. "Not only do the [Parole] Guidelines leave the Board significant discretion in applying the various factors, but the Board, in promulgating the

5

Guidelines, expressly reserved the authority to depart from the grid recommendation." Id. at 1501. In fact, "the Georgia statutes actually create a presumption against parole." Id. at 1502. Therefore, Plaintiff has not stated a claim entitling him to relief based on an alleged denial of due process.

Plaintiff also alleges that the Board is retroactively applying the 90% policy to his sentence in violation of the Ex Post Facto Clause. As Plaintiff's tentative parole date only requires him to serve two-thirds of his sentence, there is no factual support for this claim.

IV. Conclusion

**IT IS ORDERED** that the instant civil rights complaint [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A.

Because Plaintiff's counsel has already attempted to effect service of process, the Clerk of the Court is **DIRECTED** to forward a copy of this Order to Defendants. Defendants are not required to file an answer to the complaint.

**IT IS SO ORDERED**, this 17 day of April, 2009.

MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE

6